# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LARRY DANIEL HARRIS,<br><br>    Defendant. | 1:95-cr-05111 LJO OWW<br><br>**ORDER DENYING REQUEST FOR LACK OF JURISDICTION** |

The Court has reviewed Defendant Larry Daniel Harris's communication, received June 20, 2016. Doc. 597. Defendant is currently serving a 1141-month sentence after having been convicted by a jury of multiple counts of armed robbery and related charges, including multiple counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Doc. 264. Defendant previously filed a petition to vacate and set aside his conviction and sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"), Doc. 421, which was denied by the previously-assigned district judge on September 29, 2003. Doc. 526. Among other things, the September 29, 2003 Memorandum Order rejected Defendant's contention that it was improper to apply 18 U.S.C. § 924(c)'s enhanced sentencing provisions by virtue of "stacking" the armed robbery charges on which he was convicted in this case. *Id*. at 44-52.

Defendant recognizes the bases for his lengthy sentence, argues that this sentence is "extreme, unusual and unjust," and requests help attaining a "settlement agreement" that presumably would lower his sentence. The Court is without jurisdiction to address Defendant's request. As a general rule, a criminal sentence is final upon completion of direct review, and the sentencing court thereafter lacks authority to revisit it. *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Leniear*, 574 F.3d

668, 673 (9th Cir. 2009). 18 U.S.C. § 3582(c)(2) states a limited exception to this rule, authorizing district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Defendant points to no such action by the Sentencing Commission applicable to his case.

Alternatively, a federal prisoner may seeks to challenge the legality of his conviction and sentence by way of a motion to vacate, set aside or correct his sentence pursuant to Section 2255. *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). But, as discussed above, Defendant previously filed a Section 2255 Petition. Before this Court can consider a second or successive Section 2255 motion, the petitioner must receive certification from the appropriate Court of Appeals. *See* 28 U.S.C. §§ 2255(h), 2244(b) (3)(A); *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (explaining that 28 U.S.C. § 2244(b)(3) acts as a "gatekeeping" mechanism for the consideration of second or successive applications in the district court thus, a petitioner must receive certification from the Court of Appeals prior to filing a second or successive habeas petition in the district court); *United States v. Reyes*, 358 F.3d 1095, 1097 (9th Cir. 2004) (*per curiam*) ("A second or successive motion is allowed under 28 U.S.C. § 2255, subject to certification pursuant to 28 U.S.C. § 2244[.]"). Thus, to the extent Defendant's request could be construed as a Section 2255 Petition, this Court lacks jurisdiction to consider that Petition absent leave from the Court of Appeals. *See Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1029-30 (C.D. Cal. 2003) (holding that the court lacked jurisdiction to consider petitioner's second habeas petition because petitioner failed to obtain authorization from the Ninth Circuit). The Court will take no further action on Defendant's request.

IT IS SO ORDERED.

Dated:   **July 5, 2016**                              **/s/ Lawrence J. O'Neill**
                                              UNITED STATES CHIEF DISTRICT JUDGE